This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LILY RENTERIA,**

   Plaintiff-Appellant,

**v.**                                                    **No. 36,019**

**ROSWELL LITERACY COUNCIL, INC.**
**and ANDRAE ENGLAND,**

   Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Kea W. Riggs, District Judge**

Barbara A. Patterson Law Firm, PC
Barbara A. Patterson
Roswell, NM

for Appellant

Thomas E. Lilley
Roswell, NM

Marion J. Craig, III
Roswell, NM

for Appellees

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Plaintiff Lily Renteria appeals following the district court's entry of summary judgment dismissing her claims against Defendants Roswell Literacy Council, Inc. and Andrae England (collectively, Employer). [DS 2; RP 142, 145] This Court issued a notice proposing to summarily affirm. Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** The basis for most of our opinion is Plaintiff's failure to introduce any evidence below supporting her claims. Employer filed a motion for summary judgment and an amended memorandum in support of its motion with attached exhibits. [RP 54-82, 93-120] Plaintiff's responses argue Employer's exhibits should be disregarded and the motion should be treated as a motion to dismiss based on the allegations in Plaintiff's complaint. [RP 84, 123, 125] Plaintiff argued below Employer's memorandum in support does not comply with Rule 1-56(D)(2) NMRA, which sets forth the time and procedure for filing a motion for summary judgment, because Employer did not set out all the material facts to which it contends there is no genuine issue of material fact. [RP 83–84] We note, however, Employer's amended memorandum in support sets forth undisputed facts. [RP 93–94] Plaintiff cites no other authority explaining why a motion to dismiss standard should apply. As we discuss in more detail below, Plaintiff did not present any evidence contradicting the facts presented by Employer.

{3} Plaintiff continues to argue the district court erred in granting summary judgment on her wrongful termination claim because, Plaintiff asserts, the New Mexico Human Rights Act (NMHRA), NMSA 1978, Sections 28-1-1 to -14 (1969, as amended through 2007), does not provide the exclusive remedy for wrongful termination, and Employer failed to prove it is an "employer" within the meaning of the NMHRA. [MIO 3, 4] Thus, Plaintiff argues she was not required to exhaust administrative remedies before pursuing her claims in district court. [MIO 3-4] As we stated in our notice of proposed disposition, "[u]nder the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party." *Sonntag v. Shaw*, 2001-NMSC-015, ¶ 13, 130 N.M. 238, 22 P.3d 1188. "[W]here relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 26, 142 N.M. 786, 171 P.3d 300 (internal quotation marks and citation omitted). [CN 3] Plaintiff continues to cite *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, 117 N.M. 441, 872 P.2d 859, in support of her assertion the NMHRA does not provide the exclusive remedy for her claims, and, thus, she was not required to exhaust her administrative remedies. [CN 4] However, this Court clarified *Gandy* in *Gormley v. Coca-Cola Enters.*, 2004-

NMCA-021, ¶ 8, 135 N.M. 128, 85 P.3d 252, and noted employees may pursue independent tort claims only for retaliatory discharge, intentional infliction of emotional distress (IIED), and prima facie tort without first filing a NMHRA complaint. Plaintiff's claim for wrongful termination is not one of these types of independent tort claims; in fact, the public policy allegedly violated was a policy established by the NMHRA itself, the policy that a serious medical condition should not be the basis of an employee's termination. [MIO 4] *See* § 28-1-7(A). Therefore, Plaintiff's claim was not properly before the district court because Plaintiff did not first exhaust the remedies afforded by the NMHRA.

{4}     Plaintiff next argues Employer failed to meet its burden to demonstrate it is an "employer" within the meaning of the NMRHA, because it employs four or more employees. [MIO 3] We note, however, "[t]he movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (citation omitted). "[T]he party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits. A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the

4

allegations of the complaint." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks, and citations omitted). Moreover, as we stated in our notice, "[the p]laintiffs, who have alleged in their complaint that they have exhausted their administrative remedies, have the burden of proving such in order for their case to proceed at the district court level." *Rist v. Design Center at Floor Concepts*, 2013-NMCA-109, ¶ 11, 314 P.3d 681. Plaintiff's assertion that Employer bears the burden at the summary judgment stage misstates her burden of proof. Once Employer made a prima facie showing Plaintiff failed to exhaust her administrative remedies, the burden shifted to Plaintiff to demonstrate Employer was outside the authority of the NMHRA and, thus, Plaintiff was not required to pursue a remedy through the NMHRA. As we also noted in our proposed disposition, aside from merely asserting Employer is not within the authority of the NMHRA, Plaintiff provided no facts to support her assertion. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). Aside from bare assertions, Plaintiff has not presented any facts, by way of an affidavit or other evidence, demonstrating Employer is not an "employer" under the NMHRA. [CN 4] We therefore conclude the district court did not err in granting

5

summary judgment in favor of Employer on the ground Plaintiff failed to exhaust administrative remedies.

{5} Plaintiff next argues the district court erred in granting summary judgment on her claim for IIED because "[t]he [d]istrict [c]ourt should have evaluated Plaintiff's claim in this matter on the specific facts underlying Plaintiff's claims." [MIO 6] However, aside from her assertions, Plaintiff presented no specific facts for the district court to evaluate. We note Plaintiff asserts in her memorandum in opposition she was terminated while she was recovering from medical treatment. [MIO 6] Thus, Plaintiff argues her circumstances are similar to those in *Stock v. Grantham*, 1998-NMCA-081, ¶ 35, 125 N.M. 564, 964 P.2d 125, in which this Court held the allegation the employee was terminated while she was at the hospital and recovering from surgery for her ruptured colon was sufficient to survive a motion to dismiss, but more specific information about the employee's condition at the time was necessary to determine whether such conduct was extreme and outrageous. [MIO 6] Plaintiff also argues the district court should have required additional testimony and evidence regarding the circumstances of her termination. [MIO 7] We reiterate, as the party opposing summary judgment, Plaintiff has the burden "to demonstrate the existence of specific evidentiary facts which would require trial on the merits. A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of

6

the complaint." *Horne*, 2013-NMSC-004, ¶ 15 (alteration, internal quotation marks, and citations omitted). Beyond the assertion she was in the hospital at the time she was terminated, Plaintiff has not pointed out any specific facts or evidence showing Employer engaged in any extreme or outrageous conduct. We therefore conclude the district court did not err in granting summary judgment on Plaintiff's IIED claim in favor of Employer.

{6}     Finally, Plaintiff argues for the first time in her memorandum in opposition that the district court erred in granting summary judgment on her claim of prima facie tort, because the district court's dismissal of Plaintiff's wrongful termination and IIED claims based on the lack of unlawful conduct by Employer, and the dismissal of her prima facie tort claim based on lack of evidence of a lawful act are inconsistent. Thus, Plaintiff argues, the dismissal of that claim was premature, and whether Employer committed prima facie tort should be decided by a jury. [MIO 8-9] We note Plaintiff did not raise the dismissal of her prima facie tort claim as an issue in her docketing statement and construe the addition of this issue as a motion to amend her docketing statement. The essential requirements to show good cause for allowance of an amendment to an appellant's docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issue raised is viable. *See State v.*

7

*Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the reasons that follow, we deny Plaintiff's motion to amend the docketing statement on the ground the issue raised is not viable.

{7} Beyond her own assertions and the allegations in her complaint, Plaintiff did not present any evidence supporting this cause of action. Employer made a prima facie case Plaintiff's cause of action was without merit, Plaintiff did not contradict that showing with any evidence. Furthermore, Plaintiff does not explain how she has met the requirements of this cause of action. "We will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. We therefore conclude the district court did not err in granting summary judgment on Plaintiff's claim of prima facie tort.

{8} Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we hold the district court did not err in granting summary judgment in favor of Employer and affirm.

{9} **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

8

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**