This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38550**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**TIA M.,**

      Respondent-Appellant,

and

**IN THE MATTER OF ALAYNA H.,
HAVEN H., and GRIFFEN H.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Jane B. Yohalem
Santa Fe, NM

Nancy L. Simmons
Albuquerque, NM

for Appellant

Terry L. Hull
Taos, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**     Respondent (Mother) appeals from the district court's adjudicatory judgment and order finding abuse and neglect. In this Court's notice of proposed disposition, we proposed to summarily affirm. Mother filed a memorandum in opposition and motion to amend the docketing statement (MIO), which we have duly considered. For the reasons articulated below, we deny Mother's motion to amend the docketing statement and affirm the adjudication of abuse and neglect.

**{2}**     In her MIO, Mother abandons her argument regarding the propriety of an in-chambers interview with Children, continues to argue prejudice in the delay in filing the adjudicatory judgment and order and dispositional order, and, pursuant to Rule 12-208(F) NMRA, moves to amend her docketing statement to raise a new argument that "reversal is required because the [district] court's findings of abuse and neglect by Mother are inconsistent with New Mexico law and policy that directs that [C]hildren should be taken into State custody only when absolutely necessary." [MIO 2-3] We first address the issue raised in Mother's motion to amend, as Mother has acknowledged that prejudice in the delay in filing the adjudicatory judgment and order "will only be established if this Court reverses the adjudication." [MIO 12]

**{3}**     In order for this Court to grant a motion to amend the docketing statement, the movant must establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that "(1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable." *Moore*, 1989-NMCA-073, ¶ 42.

**{4}**     Mother seeks to raise an issue regarding the initial ex parte custody determination, and says it was raised at the adjudicatory hearing as she argued that a single act, rather than a course of conduct, was not sufficient to support removal or a determination of abuse and/or neglect. It is not entirely clear whether Mother is challenging the original custody determination—a determination that could have been immediately appealed, but was not—or the reliance on those facts in support of adjudication. However, in determining the viability of this issue, we review it as a

challenge to the adjudicatory determination—because, if the facts are sufficient to support a determination of abuse and neglect based on clear and convincing evidence, then it will necessarily satisfy the requirement that the district court found that there was probable cause to believe that the criteria in NMSA 1978, Section 32A-4-18(C) (2019) were met.

{5}    We need not address Mother's general policy argument, that one single incident cannot form the basis of a custody or parental rights determination, because it fails to address the particular facts of this case. While the district court found that the barbeque in this case was "unusual" in that it "got out of control and it was a situation that resulted in the abuse and neglect of [C]hildren," it also explained that, while unusual, the event was not isolated: "Although this was an unusual event, it was not unusual for there to be issues in the home with drinking or related to potential domestic violence." [1 RP 226 ¶ 8] While we acknowledge that there appears to have been conflicting testimony as to what exactly happened the evening of the barbeque, the district court addressed this conflicting evidence. The district court explained that the barbeque may have ultimately escalated based on, as Mother claimed, a "misunderstanding." [1 RP 225, ¶ 4] Nonetheless, it found that this was not a case where the misunderstanding was so isolated or unusual that Mother was not on notice of the risk to Children. *Cf. State ex rel. Children, Youth & Families Dep't v. Michelle B.*, 2001-NMCA-071, ¶¶ 20-21, 130 N.M. 781, 32 P.3d 790 (reversing adjudication of neglect based on a mother's failure to discover or report one incident of sexual assault where there was no evidence suggesting the mother knew or should have known that her child was at risk with the assaulter and no indication that the child was not properly cared for prior to the assault). Irrespective of why the barbeque escalated, the district court considered the undisputed facts—the level of parental inebriation, the discharge of a firearm, Children's ignored confusion and anxiety causing them to run for help, and the fact that this was not an isolated incident involving these factors—sufficiently egregious to warrant an adjudication of abuse and neglect. [1 RP 224-27]

{6}    To the extent Mother continues to rely on her own alternate explanation that the situation was a big misunderstanding, we will not reweigh the evidence on appeal. *See id.* ¶ 12 ("It is for the finder of fact and not for the reviewing courts to weigh conflicting evidence and decide where the truth lies."). Viewing the evidence in the light most favorable to the prevailing party, as we must, we conclude that the district court could have properly reached an abiding conviction that Children were without proper parental care and control necessary for their well-being and that Mother knowingly, intelligently or negligently placed Children in a situation that may endanger their life or health. *See* NMSA 1978, § 32A-4-2(B)(4) and (G)(2) (defining "abused child" and "neglected child") (2018).

{7}    Mother additionally claims that because the barbeque's extreme escalation was unusual, "the trauma of placing [C]hildren in state custody outweighed the risk to [C]hildren of allowing them to remain at home." [MIO 10] However, even if we were to find that the evidence was insufficient to warrant an adjudication of abuse and neglect, it would not result in an automatic return of custody to Mother. *See State ex rel. Children,*

*Youth & Families Dep't v. Benjamin O.*, 2007-NMCA-070, ¶ 35, 141 N.M. 692, 160 P.3d 601 ("We do not believe that an automatic return of a child to his or her parent following a reversal of an adjudication of abuse or neglect is necessarily in the child's best interests[.]"); *State ex rel. Children, Youth & Families Dep't v. C.H.*, 1997-NMCA-118, ¶¶ 10-12, 124 N.M. 244, 947 P.2d 1064 (affirming district court's determination to continue custody with the department following dismissal of abuse and neglect petition against parent until the court could investigate and determine the proper placement of the children). While a goal of the Abuse and Neglect Act is to preserve the family relationship, the Act explicitly outlines a number of situations by which immediate removal from the home is appropriate and contemplates that the preservation of the family relationship will be best served in some cases through initial removal and later reunification. *See* § 32A-4-18(C) (identifying situations upon which the district court should not return legal custody to a parent or guardian of a child alleged to be abused or neglected); *see, e.g., In re Mahdjid B.*, 2015-NMSC-003, ¶ 19, 342 P.3d 698 ("[P]reserving the family relationship . . . remains the ultimate goal of [Abuse and Neglect Act] proceedings until the [district] court finds that *reunification* is simply not possible." (emphasis added)). To the extent Mother now argues that reversal of the adjudication of abuse or neglect is required because removal should not have occurred, Mother has failed to provide any authority or evidence of record to demonstrate a nexus between the initial custody determination and the district court's later adjudication of abuse and neglect in this case. *Cf. In re Adoption of J.J.B.*, 1995-NMSC-026, ¶ 57, 119 N.M. 638, 894 P.2d 994 ("A finding that parental rights were improperly terminated does not mechanically result in the award of custody to the biological parents. The termination of parental rights and the determination of custody are different issues and must be addressed separately."); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow the Court to evaluate the claim).

**{8}**     Finally, Mother has broadly asserted, without citation to authority, that this case "should have been addressed by something other than an adjudication of abuse and neglect and the placement of one child in congregate care and one in a foster home." [MIO 11] However, "[t]he mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted); *see ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that this court will not consider issues that are unsupported by authority); *cf. In re Adoption of Francisco A.*, 1993-NMCA-144, ¶ 20, 116 N.M. 708, 866 P.2d 1175 ("It is well established in New Mexico that parents do not have absolute rights in their children; rather, parental rights are secondary to the best interests and welfare of the children."). Accordingly, Mother has not demonstrated error in the district court's adjudication of abuse and neglect. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("Appellant must affirmatively demonstrate its assertion of error.").

**{9}**     Mother lastly asserts error in the district court's failure to allow Mother to voluntarily place the two youngest Children with her parents in Wisconsin. [MIO 11] To

the extent Mother is challenging the district court's failure to place Children with her parents, Mother has failed to demonstrate error on this basis because the record indicates that the district court was indeed considering placement with the maternal grandparents, but that they were in the process of moving and could not be evaluated for placement until the move was completed. [1 RP 209-11, 234] Furthermore, to the extent that Mother suggests that a guardianship by her parents pursuant to the Kinship Guardianship Act should have been considered before placing Children in the Department's custody pending a determination of abuse or neglect, Mother has cited no authority which would require the district court to do so. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Moreover, we note that nothing in Section 32A-4-18(C) or NMSA 1978, Section 32A-4-28(B)(2) (2005), requires a court to consider guardianship as an alternative to initial removal pending further proceedings or to termination, which has not occurred in this case.

**{10}** Mother cites to no authority and presents no new facts or arguments in her MIO that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent Mother maintains that the district court's delay in entering its adjudicatory orders delayed her ability to challenge the original custody determination, the fact that Mother had an immediate right of appeal from the custody determination that she did not exercise undermines her argument. *See* § 32A-4-18(I) (allowing immediate appeal from custody determination). Moreover, as we have not reversed the adjudication, Mother has acknowledged that she has not established prejudice in the delay. [MIO 12] Accordingly, Mother's motion to amend and policy argument has failed to cite any authority or explain why the district court's initial custody determination and later adjudication of abuse and neglect are erroneous as a matter of law. We therefore consider Mother's issue that the district court misconstrued the Abuse and Neglect Act non-viable, and we deny the motion to amend. *See Moore*, 1989-NMCA-073, ¶¶ 42-43.

**{11}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{12}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**