**Certiorari Denied, May 25, 2011, No. 32,990**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-072**

**Filing Date: April 1, 2011**

**Docket No. 29,142 consolidated with No. 29,760**

**TONY Q. CHAN and
CAROLYN HONG,
Trustees,**

> **Plaintiffs-Appellees,**

**v.**

**KAREN L. MONTOYA,
BERNALILLO COUNTY ASSESSOR,**

> **Defendant-Appellant,**

**and**

**FIRST BAPTIST CHURCH OF NEW MEXICO,
a New Mexico non-profit corporation,**

> **Plaintiff-Appellee,**

**v.**

**KAREN L. MONTOYA,
BERNALILLO COUNTY ASSESSOR,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
William F. Lang, District Judge**

Keleher & McLeod, P.A.
Jeffrey A. Dahl
Javier F. Junco
Albuquerque, NM

1

for Appellees Tony Q. Chan and Carolyn Hong

James T. Roach
Albuquerque, NM

for Appellee First Baptist Church of New Mexico

Jeffrey S. Landers, Bernalillo County Attorney
M. David Chacon, II, Assistant Bernalillo County Attorney
Albuquerque, NM

for Appellant

## OPINION

**VIGIL, Judge.**

**{1}**     The question presented in these cases is whether the statutory time limit for filing a property tax refund complaint, under NMSA 1978, Section 7-38-40 (2003) of the Property Tax Code, begins to run on the date the tax payment is due, or on the date the payment becomes delinquent.  We conclude that the time begins on the due date.  We therefore hold that the district court erred in denying Defendant's motions to dismiss on grounds that the complaints were untimely, and reverse.

## I.     BACKGROUND

**{2}**     In the first case, Taxpayers, as trustees for property located in Albuquerque, New Mexico, were mailed a property tax bill for the 2007 tax year.  In the second case, Taxpayer also received its 2007 property tax bill for property it owns in Albuquerque, New Mexico.  (Hereinafter, "Taxpayers" refers to both sets of Taxpayers.)  Each of the tax bills stated that the first of two installments of the annual tax payment was due on November 10, 2007, and that the first installment payment would become delinquent on December 10, 2007.

**{3}**     After making the installment payments, Taxpayers each filed a complaint for property tax refund in February 2008, approximately ninety days after the November 10 due date.  Pursuant to Section 7-38-40(A)(1), claims for refund must be filed as a civil action in district court "no later than the sixtieth day after the first installment of the property tax for which a claim for refund is made is due[.]"  According to Taxpayers, the statutory time limit for filing their complaint did not begin to run until the delinquency date.

**{4}**     Asserting that the complaints were untimely, the Bernalillo County Assessor (Assessor) moved to dismiss.  In response, Taxpayers argued that the common understanding among taxpayers and tax authorities is that the first installment payment is not due until the

2

delinquency date and, therefore, Section 7-38-40(A)(1) should be interpreted to favor public convenience and not to prejudice the public interest. Taxpayers further argued that if the filing time limit begins to run on the statutory due date, the result is an unreasonably short time frame for taxpayers to file a tax refund complaint, rendering the filing time limit unconstitutional as a violation of due process. After hearings in each case, the district court denied the motions to dismiss, concluding the tax refund complaints may be filed within sixty days of the delinquency date. Stipulated judgments were entered in each case, which allowed Assessor to appeal the district court determination that each complaint was timely filed, and Assessor appealed in both cases. We consolidated the two cases since the appeals raise an identical issue.

## II.    DISCUSSION

### A.    Standard of Review

{5}    We review the district court interpretation of the Property Tax Code de novo. *See Sonic Indus. v. State*, 2006-NMSC-038, ¶ 7, 140 N.M. 212, 141 P.3d 1266 (stating that questions of statutory interpretation are questions of law that are reviewed de novo). Taxpayers also raise questions concerning the constitutionality of Section 7-38-40, which we also review de novo. *See Manning v. N.M. Energy, Minerals, & Natural Res. Dep't*, 2006-NMSC-027, ¶ 9, 140 N.M. 528, 144 P.3d 87 (reviewing constitutional question under de novo standard).

### B.    The Language of the Property Tax Code Requires a Tax Refund Complaint to be Filed Within Sixty Days of the Statutory Due Date

{6}    When interpreting statutes, our guiding principle is to determine and give effect to legislative intent. *Pub. Serv. Co. of N.M. v. N.M. Pub. Util. Comm'n*, 1999-NMSC-040, ¶ 18, 128 N.M. 309, 992 P.2d 860. In ascertaining the intent of the Legislature, we are assisted by classic canons of statutory construction. *Id.* The first of these is that a court is required to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous. *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153; *Bd. of Comm'rs of Doña Ana Cnty. v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 19, 134 N.M. 283, 76 P.3d 36 (noting that where language is clear, appellate courts "give the statute its plain and ordinary meaning and refrain from further interpretation").

{7}    NMSA 1978, Section 7-38-38(A) (1987) provides that the first installment of two property tax payments is due on November 10 of the year in which the tax bill was prepared and mailed. If taxpayers believe they have been excessively taxed and want to file a tax refund complaint, Section 7-38-40(A)(1) directs: "Claims for refund shall be filed by the property owner as a civil action in the district court . . . and shall be filed no later than the sixtieth day after the first installment of the property tax for which a claim for refund is made is due[.]" Since Section 7-38-40 clearly and unambiguously directs that a tax refund complaint must be filed within sixty days of the due date, the statutory time limit for filing a complaint began to run on the due date of November 10. Taxpayers' complaints, which were filed more than sixty days later, were untimely under the plain language of the statute.

3

**C.      The Common Usage of the Word "Due" Does Not Alter the Plain Meaning of the Statute**

**{8}**      Although Section 7-38-40 provides that the first installment of a tax payment is due on November 10, NMSA 1978, Section 7-38-46 (2003) provides that the payment does not become delinquent so as to incur a penalty for being late until thirty days after the statutory due date or, in other words, by December 10.  Taxpayers argue that the common usage and understanding among taxpayers of their tax bill notices is that the first installment of the tax payment is not actually "due" until the statutory delinquency date.   To support this contention, Taxpayers cite dictionary definitions of the word "due."  These definitions state that the word "due" means "having reached the date at which payment is required" and "required or expected in the prescribed, normal, or logical course of events."  Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/due.   As such, Taxpayers contend that payment is not "required" or "due" until a penalty is to be assessed on the delinquency date.  Taxpayers assert that it is not common to believe that tax payments are "past due" before the delinquency date and urge that we construe the word "due" with this ordinary meaning.  *Tafoya v. N.M. State Police Bd.*, 81 N.M. 710, 714, 472 P.2d 973, 977 (1970) (stating that where there is no clearly expressed legislative intent providing otherwise, "the word is to be given its usual, ordinary meaning").  Thus, based on the asserted common understanding that a payment is not actually due until the date on which a penalty will be assessed, Taxpayers contend that the statutory time limit for filing tax refund complaints should not begin to run until one day after the delinquency date.  We disagree.

**{9}**      First, Taxpayers have provided no facts or evidence to support this argument.  "It is not our practice to rely on assertions of counsel unaccompanied by support in the record.  The mere assertions and arguments of counsel are not evidence."  *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104.  In addition, this common usage argument does not alter the plain language of the Property Tax Code itself.  Reading "delinquent" as synonymous with "due" does not comport with the Legislature's use of two, distinct statutory definitions of the two words.  The "due" date is a statutorily fixed date of November 10, and the "delinquency" date is a separate date, thirty days later.  *See* § 7-38-40; § 7-38-46(A).  Because the legislative intent is clear that the due date is a different date from the delinquency date, we decline Taxpayers' invitation to alter the most logical reading of the word "due" as it is used in the Property Tax Code.

**{10}**      Our conclusion is further supported by the way the Legislature requires tax bills to be worded.  NMSA 1978, Section 7-38-37(B) (2008), states that "[e]ach property tax bill shall . . . contain at least the following: . . . the amount of property taxes due on each installment, the *due dates* of the installments *and* the dates on which taxes become *delinquent*[.]"  (Emphasis added).  As Taxpayers concede, they received appropriately worded tax bills informing them that the first installment of their annual tax payment was due on November 10 and that payment would become delinquent on December 10.  Therefore, it follows that if "delinquent" were meant to be one and the same with "due" than

such a distinction between the words would not have been made in Taxpayers' bills as required by Section 7-38-37.

**D.      The Practical Implications of the Property Tax Code Do Not Alter the Plain Meaning of the Statute**

**{11}**      NMSA 1978, Section 7-38-39 (2003) states that "[a]fter receiving his property tax bill and after making payment prior to the delinquency date of all property taxes due in accordance with the bill, a property owner may protest the value . . . for his property." Thus, it is payment that creates the right of action.  Taxpayers contend that Section 7-38-39 supports their argument that the due date of the first installment is actually the delinquency date because to hold otherwise would have the practical result of allowing the statutory time limit to begin to run before payment is actually made and, thus, before the taxpayer's cause of action for a claim for refund arises.  Thus, a taxpayer who makes payment on December 9, the day before the delinquency date, will only have thirty days to file a tax refund complaint before the sixty-day filing time limit expires.  Taxpayers contend that such a result makes an interpretation of Section 7-38-40, which requires the time limit for filing a tax refund complaint to begin to run on November 10, unreasonable.  Taxpayers argue that a more reasonable reading would be that the time limit begins to run on December 10, so all taxpayers who make payment prior to the delinquency date have the full sixty days to bring their claims for refund.  We are not persuaded.

**{12}**      Section 7-38-39 sets forth *who* has the right to file a complaint for a tax refund.  It provides that if a taxpayer has (1) received his or her property tax bill and (2) has made payment prior to the delinquency date of all property taxes due in accordance with the bill, then the taxpayer may elect to file a claim for refund.  Section 7-38-40 dictates *when* a taxpayer may file a tax refund claim.  A taxpayer cannot assert a right to file a refund claim until making a payment before the *delinquency* date of the first installment.  However, the taxpayer must *also* abide by the separate procedural filing deadline for filing a claim in district court within sixty days of the *due* date of the first installment.  Hence, the two sections serve different functions.  One purpose of Section 7-38-39 is to ensure that only taxpayers who are not delinquent in their tax payment may file a tax refund complaint.  On the other hand, Section 7-38-40 is a statute of repose, which begins to run from the statutorily determined tax payment due date without regard to when the tax is actually paid. *See Garcia v. La Farge*, 119 N.M. 532, 537, 893 P.2d 428, 433 (1995) (stating that "[s]tatutes of repose begin to run from a statutorily determined time defined without regard to when the underlying cause of action accrues and without regard to the discovery of injury or damages").  As such, it is the nature of a statute of repose to begin to run before a cause of action accrues in some circumstances.

**E.      Taxpayers Must Make Payment of Property Taxes Due on the First Installment Due Date**

**{13}**      In the alternative, Taxpayers argue that their complaints were timely because a taxpayer may file a complaint any time before any delinquency date shown on the tax bill.  Since their tax bills stated that the second installment of the annual tax payment was not

5

delinquent until April 10, they assert that their complaints were timely filed because the complaints were filed prior to April 10. They base their argument on language of Section 7-38-39 that the right to file a claim for refund arises when payment is made "prior to the delinquency date of *all* property taxes due in accordance with the bill[.]" (Emphasis added.) Therefore, Taxpayers contend that taxpayers have until April 10 to file a complaint for refund. In essence, Taxpayers' argument requests us to look solely at Section 7-38-39 and disregard the requirements articulated in Section 7-38-40. However, we decline to do so. Section 7-38-40 plainly dictates that filing must take place sixty days from the *first installment* due date. Therefore, a taxpayer must make payment of *all* property taxes due *as of the first installment* due date in order to preserve his or her right to file a tax complaint.

**F.      The Sixty-Day Period for Bringing Suit Does Not Violate Due Process**

{14}     Taxpayers argue that our interpretation of Section 70-38-40 creates a time limit for filing suit that is too short for purposes of due process under the federal and state constitutions. Taxpayers' main contention is that if the sixty-day time limit begins to run on the due date of November 10, then the statute begins to run even before the cause of action accrues because payment, which creates the right of action, does not become delinquent until December 10. Therefore, taxpayers will have only between thirty and sixty days to file tax refund claims, depending on when they make their payments.

{15}     We agree with Taxpayers that for a statute of repose to be constitutional, the time frame to pursue a remedy cannot be unreasonably short. *See Terry v. N.M. State Highway Comm'n*, 98 N.M. 119, 122, 645 P.2d 1375, 1379 (1982) (holding that the constitutionality of statutory time limits has "hinged on the reasonableness of the time provided to pursue a remedy"). However, we do not agree that the time frame provided in these cases is unnecessarily short.

{16}     Taxpayers rely on *Terry* and *Garcia* to support their argument that the sixty-day statute of repose provided in Section 7-38-40 is unreasonably short and, therefore, violates due process. In *Terry*, the relevant statute provided that wrongful death actions against engineers or contractors that arise out of an unsafe condition of a physical improvement to real property must be brought within ten years of the date of substantial completion of the improvement. 98 N.M. at 120, 645 P.2d at 1376. The decedents in *Terry* were killed in a car accident on a state highway built by the contractor and engineer defendants three months before the ten-year filing time limit ended. *Id.* Our Supreme Court held that three months was not a constitutionally reasonable amount of time to give the plaintiffs time to pursue their claim. *Id.* at 123, 645 P.2d at 1379. In *Garcia*, our Supreme Court considered the three-year statute of repose in the Medical Malpractice Act. *Garcia*, 119 N.M. at 534, 893 P.2d at 430. The plaintiff's medical malpractice cause of action arose after a cardiac arrest, which occurred eighty-five days before the statute of repose expired. *Id.* at 542, 893 P.2d at 438. The court held that eighty-five days was an unreasonably short amount of time to require the plaintiff to file his malpractice claim. *Id.* In both *Terry* and *Garcia*, the due process inquiry hinged on the reasonableness of the time limit as applied to the particular facts of those cases.

6

**{17}** The tax situation in this case is dissimilar. In both *Terry* and *Garcia*, application of the statutes was unconstitutional because the cause of action had arisen, or an injury had been discovered, near the expiration of the statutory time limit. We have no such facts in this case. Moreover, unlike situations involving accidents or illness, which are unpredictable and generally cannot be anticipated, taxpayers are aware that they will be required to pay taxes every year on particular dates. Furthermore, taxpayers have notice each year as of April 1 of the actual property valuations on which their claims for refund will necessarily be based. *See* NMSA 1978, § 7-38-20(A) (2001) ("By April 1 of each year, the county assessor shall mail a notice to each property owner informing him of the net taxable value of his property that has been valued for property taxation purposes by the assessor."). Taxpayers may pursue redress by either protesting the property valuation with the county assessor, or electing to protest the property valuation by filing a claim for refund after payment of taxes. *See* NMSA 1978, § 7-38-21(A) (2001). As such, taxpayers have notice almost nine months in advance of the district court filing deadline and, therefore, almost nine months in which to pursue an alternate remedy or wait to file a tax refund complaint after payment. Thus, the time period provided in Section 7-38-40 for which to file tax refund complaints is reasonable and does not violate due process.

### III. CONCLUSION

**{18}** We hold that the Legislature meant for Section 7-38-40 to begin to run on the statutory due date and that Taxpayers' complaints for refund were untimely filed. We therefore reverse the district court orders denying Assessor's motions to dismiss Taxpayers' untimely complaints seeking claims for refund.

**{19}    IT IS SO ORDERED.**

                                        _____
                                        **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Chan v. Montoya*, Docket Nos. 29,142/29,760**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-MD | Motion to Dismiss |

**CT**               **CONSTITUTIONAL LAW**
CT-DP           Due Process

**ST**               **STATUTES**
ST-IP            Interpretation

**TX**               **TAXATION**
TX-PT           Property Tax
TX-RF           Refund
TX-TM         Time Limitations
TX-VL         Valuation