This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38590

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**DEREK L.,**

      Respondent-Appellant,

and

**ANGELA C. f/k/a ANGELA L.,**

      Respondent,

**IN THE MATTER OF TIANNA L.,
MATTHEW L., and LEVI L.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Bradford J. Dalley, District Judge**

Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Richard J. Austin
Farmington, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Respondent Derek L. (Father) appeals from the termination of his parental rights to Matthew L. and Levi L. (Children). [DS 2] This Court issued a notice of proposed disposition proposing to affirm the district court's order. Father has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}**     On appeal, Father contends that the district court's order was not supported by substantial evidence. [DS 10] We proposed to affirm on this issue in the notice of proposed disposition. [CN 9] In response, Father continues to assert a lack of substantial evidence based upon the following contentions. First, Father continues to deny methamphetamine use [MIO 3], however, as stated in this Court's notice of proposed disposition, we will not reweigh the evidence on appeal. [CN 4] *See State ex rel. Children, Youth & Families Dep't v. Vanessa C.*, 2000-NMCA-025, ¶ 24, 128 N.M. 701, 997 P.2d 833.

**{3}**     Second, Father contends that three to four months of homelessness and unemployment does not demonstrate that he will not be able to improve upon the causes and conditions of neglect and notes that nineteen months to progress within his case plan was insufficient "in light of Father's need for consistent assistance to address the conditions and causes of neglect." [MIO 3-4] Father was required under his case plan to maintain safe and stable housing, and he failed to comply with that requirement by experiencing homelessness for approximately three to four months prior to the time of the June 17, 2019 hearing. [2 RP 481] At that point in time, Father was still not in compliance with his case plan over a year after the plan began. As explained in the notice of proposed disposition, Father has failed to provide any authority demonstrating that a year and seven months is an insufficient amount of time to require a parent to comply with a case plan. [CN 6] *See State ex rel. Children, Youth & Families Dep't v. Elizabeth H.*, 2002-NMCA-061, ¶ 34, 132 N.M. 299, 47 P.3d 859 (stating that "in balancing the interests of the parents and children, the court is not required to place the children indefinitely in a legal holding pattern" (internal quotation marks and citation omitted)). Furthermore, it is not the responsibility of the Department to provide Father with "consistent assistance," as he asserts, but rather, the Department is only required to provide "reasonable efforts." *See id.* ¶ 27 ("[The Department] is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent.").

**{4}** Third, to the extent Father asserts in his memorandum in opposition that there was not substantial evidence to support the district court's ruling because his treatment plan did not require him to complete a sexual offender program [MIO 4], we are unpersuaded. The sexual offender program was a treatment recommended by one of Father's therapists and is therefore an example of Father's failure to comply with a component of the therapy required under his case plan. [MIO 4] The district court found that Father did not complete the therapy required under his case plan. [*See* 2 RP 488, 490]

**{5}** Father also continues to contend that "the Department did not make reasonable efforts to support reunification, because he was not allowed to participate in family therapy, and was denied his request for financial assistance to pay for service providers." [MIO 6] We proposed to affirm on this issue in the notice of proposed disposition on the basis that the evidence was sufficient to support the district court's determination that the causes and conditions of neglect were unlikely to change in the foreseeable future despite the Department's reasonable efforts as a result of Father's lacking efforts to comply with his case plan. [CN 8] Regarding Father's family therapy, the district court found that he only "attended one individual session to prepare for family therapy[,]" and "never followed through with making appointments and therefore family sessions with the Children present never occurred." [2 RP 488] The district court also found that Father was "not ready for family therapy due to [his] lack of compliance with [his] case plan[] and [his] lack of change or improvement in the areas that caused the [C]hildren to be taken into custody." [2 RP 495 ¶ 38] Father's contention that he did not fail to complete family therapy according to his case plan because he was denied therapy sessions with Children is unavailing because he did not make the appointments necessary to prepare for family therapy with Children and did not meaningfully engage in his individual therapy, generally, to make family therapy successful.

**{6}** Father reiterates and expands his contention that he was unable to complete his case plan as a result of his poverty status, and states,"[w]here a fundamental right is at stake, the State is required to do more to assist a parent to obtain financial stability than the Department did here." [MIO 6] However, Father does not cite any authority that states the Department is required to provide effort beyond a reasonable effort in assisting a parent in obtaining financial stability. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Furthermore, the district court found that the Department assisted Father by offering to pay for domestic violence services [2 RP 492 ¶ 31(g)] and by "urg[ing] Father to apply to HUD and the Indian Center for housing assistance and provid[ing] a list of low-income housing." [2 RP 492 ¶ 31(k)] Father has failed to provide citations to the record showing that he took advantage of the assistance the Department did provide; when he requested financial assistance from the Department; or when and how the Department responded. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and argument of counsel are not evidence." (internal quotation marks and citation omitted)).

**{7}** While Father is correct in asserting that "poverty alone does not support a charge of neglect," [MIO 7] here, the district court's ruling was not based on Father's poverty status. Instead, the district court found that Father did not meaningfully engage in his therapy [2 RP 495 ¶ 36], "avoid[ed] personal responsibility, has been obstructive and deceptive, and has a poor prognosis for change." [2 RP 495 ¶ 36] As explained in the notice of proposed disposition, Father's efforts and recalcitrance were the basis for the termination of his parental rights and Father has not shown that the Department did not exercise reasonable efforts in the attempted reunification of Father and Children or that there was a lack of substantial evidence to support the termination of his parental rights. [CN 8-9]

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order terminating Father's parental rights to Children.

**{9}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**