This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39018**

**JOHN CONTRERAS,**

Plaintiff-Appellant,

v.

**MILLER BONDING, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals from the district court's judgment dismissing his employment discrimination case with prejudice. This Court issued a notice of proposed disposition proposing to affirm the district court's order. Plaintiff has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

**{2}** In Plaintiff's memorandum in opposition, he continues to argue that the district court's findings were not supported by the substantial weight of the testimony at trial.

[MIO 3] Plaintiff states that both Plaintiff and his co-worker testified that Plaintiff informed his supervisor of his injury on August 6, 2007. [Id.] Plaintiff also states that his supervisor testified that he did not report his injury until August 8, 2007. [Id.] The district court found that Plaintiff did not report his injury until August 8, 2007. [Id.] "We will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (alteration, internal quotation marks, and citation omitted); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack [the] opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

**{3}** Plaintiff also continues to argue that he was entitled to a de novo jury trial because "[i]n other states a trial 'de novo' starts the whole litigation over." [MIO 3] Plaintiff cites one out-of-state case to support this contention, however, that case is not instructive here. The Washington case cited by Plaintiff involved whether a defendant had properly requested a trial de novo under a mandatory arbitration rule. Plaintiff has not demonstrated how the arbitration rules applicable in Washington apply to this case, which involves whether a plaintiff is entitled to a second opportunity to request a jury as a matter of course after an appellate court remands a case to the district court for a trial de novo. *See Dunn v. N.M. Dep't of Game & Fish*, 2020-NMCA-026, ¶ 13, 464 P.3d 129 (stating that where New Mexico law is not instructive, "we may find guidance in the decisions of other jurisdictions where those decisions are based on similar statutes; and even then it is only persuasive, not binding"). Furthermore, Plaintiff has cited no precedential authority to support this argument and has failed to point to any errors in fact or law as stated in our notice of proposed disposition. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Plaintiff additionally continues to argue that the district court adopted some of the Human Rights Bureau's findings in its findings of fact and conclusions of law. Plaintiff identifies only one particular finding, and cites to the record proper in an attempt to show that the district court's finding that Plaintiff did not inform management of his injury until August 8 was a finding that was adopted directly from the Human Rights Bureau findings. [MIO 4] However, nowhere in in the record cited by Plaintiff is there any indication that the district court adopted its finding from the Human Rights Bureau determination. The district court instead made its own detailed findings of fact based on the testimony and evidence presented at trial. [3 RP 514-19] Pointing out that the district court made the same finding as the Human Rights Bureau does not demonstrate that the district court merely adopted the finding made by the Human Rights Bureau. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Additionally, Plaintiff fails to cite to any additional facts or

authority to demonstrate any error in fact or law in our notice of proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24.

**{5}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{6}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**