This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38080**

**WILLIAM N. GRIFFIN,**

 Plaintiff-Appellant,

and

**DAVID ARELLANES, LUCILLE R. BACON, PENNY KOSTER BAKER, VIRGINIA M. BENNETT, JOHN D. BODUTCH, KATHERINE L. BODUTCH, RICHARD D. CAMPBELL, BARBARA CAMPBELL, BERNIE CANO, MARIA ELENA CANO, DRENNAN A. CLARK, VERONICA DESANTIS, JOSEPH DESCALA SR., BETTY J. GOERKE, PATRICIA A. GOODBERRY, KENT HEADY, ROSA M. LOZANO, STEPHEN L. NEAL, GLENDA PARK, LESLEE C. SCHWARTZ, WILLA SCRUGGS, HENRY SHATTUCK, BARBARA TRANSUE, BARBARA WATTS, and ELSIE MARIE WENDEL,**

 Plaintiffs in Intervention,

v.

**SHANNON KIZER, Successor in Interest to BAR 7 RANCH, LLC, an Arizona limited liability company,**

 Defendant-Appellee,

and

**BAR 7, LLC, a New Mexico limited liability company,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Gerald E. Baca, District Judge**

William N. Griffin
Ruidoso, NM

for Plaintiffs in Intervention and Appellant

Rowley Law Firm, LLC
Richard F. Rowley II
Clovis, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**     The district court denied Plaintiffs' motion to certify a class action against Defendant Shannon Kizer, successor in interest to Bar 7 Ranch, LLC, seeking declaratory relief and easements for access to Plaintiffs' parcels of land. Plaintiffs appealed the order denying certification pursuant to Rule 1-023(F) NMRA. We affirm.

### BACKGROUND

**{2}**     The original Plaintiff, William Griffin, an attorney acting pro se,[1] filed a complaint in 2013 for declaratory judgment to establish the existence of an easement to his five-acre parcel of land. The parcel is located within the Anton Chico Grant and is surrounded by nearly 14,000 acres owned by Defendant.

**{3}**     In response, Defendant argued that the original Plaintiff's deed to that parcel was defective and that he had no title upon which to base his easement claim. Shortly thereafter, more than twenty additional parties claiming to hold title to land within the boundaries of Defendant's ranch (the Ranch) moved to join the suit and were ultimately granted leave to intervene as additional Plaintiffs.

**{4}**     Four years later, the original Plaintiff, pro se and as counsel for the additional intervenors, moved for class certification, arguing that they had identical interests in the case, and were seeking easements to the parcels at issue on the basis of similar deeds

---

[1]We direct counsel to our Rules of Appellate Procedure, which require briefing to contain record proper citations. Rule 12-318(A)(3), (4) NMRA. Plaintiffs' briefing is deficient in this regard. Thus, we feel it necessary to remind counsel of the critical importance of adhering to the requirements of these rules. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 7, 433 P.3d 288.

issued by the same grantor.[2] Plaintiffs asserted that although there were more than twenty Plaintiffs who came forth as intervenors, there were over one hundred putative class members holding deeds from the same grantor as Plaintiffs with parcels that lie amid the Ranch, thus meeting the numerosity requirements for class action certification under Rule 1-023(A).

**{5}** Defendant asserted a common defense to the claims of all Plaintiffs in his response to the motion to certify, arguing that all of Plaintiffs' deeds were void. Defendant also contended that the elements necessary to establish a class were not met because each Plaintiff would rely upon a different chain of title and that each easement to a claimed parcel would necessarily follow a different route from other parcels. Defendant also asserted during pretrial motions and on appeal that "Plaintiffs are not too numerous to be dealt with efficiently" and that Plaintiffs were given an opportunity and deadline to apply for class certification in 2014, but chose to pursue intervention instead. The district court denied the motion to certify Plaintiffs as a class and this appeal followed. By order of this Court for limited remand, the district court entered findings of fact and conclusions of law addressing the factors relevant to class certification under Rule 1-023. We now address the merits of the appeal.

## DISCUSSION

**{6}** Plaintiffs assert that the district court erred by denying class certification. Under Rule 1-023(A), all class actions must meet the minimum requirements which are "commonly referred to as numerosity, commonality, typicality, and adequacy of representation." *Berry v. Fed. Kemper Life Assurance Co.*, 2004-NMCA-116, ¶ 40, 136 N.M. 454, 99 P.3d 1166. "Plaintiffs bear the burden to prove that all four prerequisites of Rule 1-023(A) . . . are met." *Brooks v. Norwest Corp.*, 2004-NMCA-134, ¶ 10, 136 N.M. 599, 103 P.3d 39.

**{7}** "Appellate courts typically review a district court's decision to grant or deny class certification for an abuse of discretion." *Berry*, 2004-NMCA-116, ¶ 25. "The district court abuses its discretion when it misapprehends the law, or when its decision is unreasonable." *Id.* (citation omitted). "When making its certification decision, the district court will often make factual findings beyond the facts it accepts as true from the plaintiff's complaint." *Davis v. Devon Energy Corp.*, 2009-NMSC-048, ¶ 13, 147 N.M. 157, 218 P.3d 75. "This is because the district court must engage in a rigorous analysis of whether [Rule 1-023's] requirements have actually been met and may probe behind the pleadings to forecast what kind of evidence may be required or allowed at trial." *Id.* (alterations, internal quotation marks, and citation omitted). We review the district court's factual findings for substantial evidence, which "is defined as relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Tierra*

---

2Griffin served as the attorney and proposed class representative on his own behalf and behalf of the other named Plaintiffs. In its findings of fact and conclusions of law, the district court directed Griffin to Rules 16-107(A) and 16-108(G) NMRA, indicating that because Griffin has taken on dual roles in the case, he may have a conflict of interest. We acknowledge the district court's caution to Griffin about engaging in this practice, and we note the same concern.

*Realty Trust LLC v. Vill. of Ruidoso*, 2013-NMCA-030, ¶ 6, 296 P.3d 500 (internal quotation marks and citation omitted). "We resolve all disputed facts and indulge all reasonable inferences in favor of the district court's findings." *Id.* "The district court's interpretation of Rule 1-023 is a question of law that is reviewed de novo, as are other questions of law." *Id.* (alteration, internal quotation marks, and citation omitted).

**Plaintiff Did Not Meet the Prerequisites for Class Certification**

**{8}** While the district court found that Plaintiffs failed to meet any of the initial prerequisites under Rule 1-023(A), its findings do not specifically list the four prerequisites with a factual basis to explain why each prerequisite was not met. Nevertheless, we are able to affirm that Plaintiff did not meet the prerequisites for class certification for commonality under Rule 1-023(A)(2). Because Plaintiffs did not meet the prerequisites for commonality, we only briefly address numerosity and do not address typicality and adequacy of representation. *See Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 25, 142 N.M. 557, 168 P.3d 129 ("Failure to establish any one requirement is a sufficient basis for the district court to deny certification." (internal quotation marks and citation omitted)).

**Commonality**

**{9}** Plaintiffs assert that this prerequisite is easily met because all Plaintiffs seek easements across Defendant's land to their properties. Conversely, Defendant asserts that the only common question between Plaintiffs is whether their alleged deeds are valid. Notwithstanding this, Defendant clarifies that all Plaintiffs would need different easements to access their tracts, and that the easements to each tract would necessarily traverse different areas of ground throughout the Ranch. Defendant also asserts that each Plaintiff would be required to prove their title and chain of title. The district court found that the claims of Plaintiffs were only identical because the original Plaintiff drafted the complaint for each Plaintiff using "boiler plate" language in each complaint.

**{10}** Plaintiff must establish that "there are questions of law or fact common to the class[.]" Rule 1-023(A)(2). When assessing for commonality, members of a putative class must demonstrate that they " 'possess the same interest and suffer the same injury.' " *Trevizo v. Adams*, 455 F.3d 1155, 1163 (10th Cir. 2006) (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 156 (1982)). "Whether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive." *Id.* (internal quotation marks and citation omitted). A district court must decide each case its own facts, "on the basis of practicalities and prudential considerations." *Id.* (internal quotation marks and citation omitted). "The district court retains discretion to determine commonality because it is in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case[.]" *Id.* (internal quotation marks and citation omitted).

**{11}** Here, in examining the facts of this case, the district court determined that even if Plaintiffs' claims were identical, the history of the property and the relief requested by each Plaintiff would most likely be different. The district court specifically made the following pertinent findings, suggesting that despite the "identical" complaints, commonality was not met: (1) that Plaintiff did not "claim or even suggest" that the history for each of these properties, or their chain of title was identical; (2) that the relief requested would require an examination of each individual Plaintiff's chain of title, "which may be similar but not identical" and; (3) that the five-acre tracts scattered throughout the nearly 14,000 acre Ranch are not contiguous, which would require each individual Plaintiff to be granted an easement covering different areas of the Ranch.

**{12}** In light of the district court's examination of the above relevant facts, practical considerations, and acknowledging the district court's broad discretion in assessing commonality, we conclude that the district court did not abuse its discretion in determining that commonality was not met. We are presented with no grounds to overturn the district court's decision.

**Numerosity**

**{13}** We briefly address numerosity here. Plaintiffs assert that all of the potential plaintiffs cannot be joined as a practical matter and that therefore class certification would serve to unite their identical interests in a single litigation. Defendant argues that a potential class of one hundred or so is not sufficient to meet the numerosity prerequisite, nor have Plaintiffs shown that joinder of all members is impracticable. Defendant asserts that Plaintiffs are only seeking class action certification because they live in other states, are elderly, and do not want to put in the expense in pursuing their claims.

**{14}** New Mexico has never before held that numerosity may be presumed at a certain number. We have held that since Rule 1-023(A) is essentially identical to its federal counterpart, "we can look to the federal law for guidance in determining the appropriate legal standards to apply to the [r]ule." *Brooks*, 2004-NMCA-134, ¶ 8. The district court is granted wide latitude in making a determination regarding numerosity because it is such a fact-specific inquiry. *Trevizo*, 455 F.3d at 1162. The Tenth Circuit has stated there is "no set formula" to determine if a class should be certified based on a certain number of plaintiffs. *Id.* (internal quotation marks and citation omitted). Numerosity in class action certifications does not depend on how many plaintiffs have actually joined the class, but rather it looks to the entire class of potential plaintiffs and whether it would be impracticable. *See Berry*, 2004-NMCA-116, ¶ 41.

**{15}** Here, Plaintiffs have made no showing that joining all of the property owners was impracticable, but simply state that "it should have been apparent[.]" There is no explanation for this contention, nor are there any facts that would allow us to assess this contention. *See State v. Vincent*, 2005-NMCA-064, ¶ 9, 137 N.M. 462, 112 P.3d 1119 ("[U]nless the facts necessary to consider a contention are in the record on appeal, we cannot consider the claim."). Without more, we have no basis on which to evaluate

numerosity. We reiterate that the party seeking class certification bears the burden of proof that the requirements are satisfied. *Brooks*, 2004-NMCA-134, ¶ 10. Plaintiffs' mere arguments or assertions are not evidence. *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987.

**CONCLUSION**

{16}    For the reasons set forth above, we affirm the district court's decision denying the certification of a class because Plaintiffs were not able to meet all elements of Rule 1-023(A).

**{17}    IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**