This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40762**

**ESTHER GARCIA,**

      Plaintiff-Appellant,

v.

**CITY OF ALBUQUERQUE,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Court Judge**

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Lauren Keefe, City Attorney
Ian G. Stoker, Assistant City Attorney
E. Justin Pennington, Assistant City Attorney
Carrie Cook, Assistant City Attorney
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff appeals from the district court's order granting Defendant's (the City) motion for summary judgment. This Court issued a notice of proposed summary disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to the

proposed summary disposition, and the City filed a memorandum in support, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

{2}    Our notice proposed to affirm based on our suggestions that: Plaintiff's contentions on appeal did not appear to engage with the district court's determinations both that her asserted work releases were not submitted to the City and not the type of information required by the City, and because Plaintiff did not identify any further specific issues of material fact that would preclude summary judgment, she had not demonstrated that the district court was in error. [CN 3-4]

{3}    In her memorandum in opposition, Plaintiff briefly asserts, without further development, that one of the doctor's notes "is an exact duplicate," "represent[s] the notice that she can work in the [p]olice [d]epartment," and the note "is real as it was delivered to the City." [MIO 1] Plaintiff does not explain how the asserted note provided the information that the City had requested, nor identify where in the record it was demonstrated to have been delivered to the City. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)); *see also V.P. Clarence Co. v. Colgate*, 1993-NMSC-022, ¶ 2, 115 N.M. 471, 853 P.2d 722 ("[T]he briefs and arguments of counsel are not evidence upon which a [district] court can rely in a summary judgment proceeding."). Without further development or support, we are unpersuaded that Plaintiff has demonstrated error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{4}    Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{5}    **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**