This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40703

**GERALD COPPLER,**

Petitioner-Appellee,

v.

**KATRIN COPPLER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Shannon Broderick Bulman, District Court Judge**

Kathrin Kinzer-Ellington Law, L.L.C.
Kathrin Kinzer-Ellington
Santa Fe, NM

for Appellee

Katrin Coppler
Santa Fe, NM

Pro Se Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}**     Respondent-Appellant (Wife) appeals from the district court's order denying her motion to modify memorandum of agreement due to mathematical error by facilitator/mediator during court ordered mediation/facilitation. [NOA 4] This Court issued a notice of proposed summary disposition, proposing to affirm. Wife filed a memorandum in opposition to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}** Our notice proposed to affirm based on our suggestions that (1) the alleged error was in Wife's understanding of what she had agreed to in the marital settlement agreement (MSA), was not the result of clerical error or misrepresentation, and therefore filed outside the governing one-year period of limitation in Rule 1-060(B)(1) NMRA [CN 6]; (2) the concept of mutual mistake did not appear to apply [CN 6]; and (3) the district court was not required to hold a hearing on Wife's motion [CN 7].

**{3}** We first note that in her memorandum in opposition, Wife repeats many of her contentions. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. To the extent her issues are merely repeated, we affirm for the reasons proposed in the calendar notice.

**{4}** To the extent Wife responds to our notice of proposed disposition with new arguments, she first contends that she preserved an assertion to the district court that exceptional circumstances justified her motion being filed outside the otherwise-applicable one-year time limit, based on her statements that she is disabled and a survivor of abuse. [MIO 1-2] Wife contends that she "may not have specifically used those magical words of exceptional circumstances," but that the district court should have inferred such from the substance of the relief sought. [MIO 1-2] However, we note that, contrary to Wife's assertions, her motion to the district court does not appear to contain language about disability or abuse, much less exceptional circumstances; it states only that she "recently . . . noticed an error" in the mathematical calculations. [2 RP 445] *See Chan v. Montoya*, 2011-NMCA-072, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). We remain unpersuaded that Wife's motion presented the argument to the district court such that it was preserved. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{5}** Wife also now appears to contend that the alleged mistake in the MSA was a result of fraud or misleading by the mediator or other parties—again, an argument she did not make in her motion to the district court, nor in the docketing statement. [MIO 4-7; CN 5; 2 RP 444-47] However, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" are all bases for a Rule 1-060(B) motion that must be raised within one year of the judgment. Wife's motion was outside this time limit, and, even supposing that she preserved this this argument by presenting her assertions to the district court—which she did not appear to do [MIO 9-11; 2 RP 444-47]—we are unpersuaded that the district court erred in denying her motion on this basis. *See Benz,* 2013-NMCA-111, ¶ 24.

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**