This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40912

**MICHAEL POTRAS,**

Plaintiff-Appellant,

v.

**ADT SOLAR LLC f/k/a SUNPRO and MARC JONES CONSTRUCTION d/b/a SUNPRO,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Francis J. Mathew, District Court Judge**

Bradley Law Firm, LLC
Joshua Bradley
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Elizabeth A. Martinez
Albuquerque, NM

Shook, Hardy & Bacon L.L.P.
Dana L. Strueby
Kerensa Cassis
Richard Hilliard
Kansas City, MO

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Michael Potras appeals the district court's order granting Defendant ADT Solar LLC's motion to compel arbitration following a contract dispute between the parties. Following a hearing, the district court found that the underlying contract (the Contract) contained an enforceable arbitration clause, granted Defendant's motion on such basis, and stayed the underlying proceedings pending completion of arbitration. We affirm.

**{2}** The contract at issue involved the purchase of solar panels by Plaintiff and the sale and installation of such by Defendant. Following the installation, Plaintiff filed in the district court a complaint for damages against Defendant, alleging that Defendant induced Plaintiff to enter into the Contract—which contained an arbitration provision—based on fraudulent statements and acts, and that Defendant's "false representations, acts, and omissions" constituted unfair trade practices under the Unfair Practices Act (UPA), NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019). Defendant filed its motion to compel arbitration in response to Plaintiff's complaint, which was granted and from which Plaintiff now appeals.

**{3}** On appeal, Plaintiff argues the district court erred in granting Defendant's motion and compelling arbitration because the damages provisions in the Contract are one-sided and substantively unconscionable, such that the arbitration provision is rendered unenforceable. Specifically, Plaintiff asserts that the arbitration provision is rendered unenforceable because the Contract (1) includes a prohibition on punitive damages that effectively waives Plaintiff's right to pursue statutory damages under the UPA, and (2) sets forth other one-sided limitations on damages in a manner that favors Defendant.

**DISCUSSION**

**{4}** "Arbitration agreements are a species of contract, subject to the principles of New Mexico contract law." *L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 18, 392 P.3d 194. "We review de novo any grant of a motion to compel arbitration." *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Albuquerque*, 2013-NMCA-049, ¶ 7, 299 P.3d 441. "Unconscionability is an affirmative defense to contract enforcement, and under settled principles of New Mexico law, the party asserting an affirmative defense has the burden of proof." *Rojas v. Reliable Chevrolet (NM), LLC*, 2024-NMCA-003, ¶ 6, 539 P.3d 1253 (alteration, internal quotation marks, and citation omitted). "While no single, precise definition of substantive unconscionability can be articulated, substantive unconscionability broadly refers to whether the material terms of a contract are patently unfair and more beneficially one-sided in favor of the more powerful party." *Ruppelt v. Laurel Healthcare Providers, LLC*, 2013-NMCA-014, ¶ 18, 293 P.3d 902.

**{5}** Here, Plaintiff does not challenge the substance of the arbitration provision itself—which, we note, applies broadly and equally to both parties—arguing instead that certain limitations on damages within the Contract are one-sided to such an extent that they are substantively unconscionable and unenforceable. For example, Plaintiff takes issue with the Contract's "Limitation of Liability" provision (the liability provision), which

sets forth the following limitations and exceptions as to the types of damages available to a party:

> EACH PARTY'S LIABILITY TO THE OTHER UNDER THIS AGREEMENT SHALL BE LIMITED TO DIRECT, ACTUAL DAMAGES ONLY. BOTH PARTIES AGREE THAT IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR CONSEQUENTIAL, INCIDENTAL, PUNITIVE, EXEMPLARY, SPECIAL OR INDIRECT DAMAGES. . . . Except for damages arising out of misappropriation of either [p]arty's intellectual property, in no event will either party's liability under this [a]greement . . . exceed the [c]ontract [p]rice.

Plaintiff contends that the exclusion of punitive damages renders the Contract substantively unconscionable and the arbitration provision unenforceable because such a prohibition would effectively waive Plaintiff's right to pursue statutory damages under the UPA. Plaintiff further contends that the liability provision is impermissibly one-sided because only damages arising from a claim of misappropriated intellectual property may exceed the price of the Contract, and Defendant would be the only party likely to assert such a claim. Outside of the liability provision, Plaintiff takes issue with the Contract's "Cancellation Fees" provision, which states, "If [a c]ustomer cancels this [a]greement after the 3-day right to cancel . . . [the c]ustomer agrees to pay to [Defendant], as liquidated damages and not a fee, either a) $3,000 or b) 10 [percent] of the [c]ontract [p]rice, whichever is less." Plaintiff contends that this cancellation provision is impermissibly one-sided because only Defendant is permitted to recover "liquidated damages" in the event of Plaintiff's cancellation of the Contract, and not the other way around.

**{6}** We turn first to Plaintiff's argument that the liability provision's bar on punitive damages impedes Plaintiff's right to pursue statutory damages under the UPA. This Court recently addressed this very issue in *Rojas*,[1] where we examined whether, in the context of a contract for the sale of a used vehicle, a provision barring punitive damages

---

[1] Although our opinion in *Rojas*, 2024-NMCA-003, was not yet published when Plaintiff filed his appeal in the instant case, we rely on and apply its reasoning here given the general "presumption that the holding of a civil case will apply retroactively." *Marckstadt v. Lockheed Martin Corp.*, 2010-NMSC-001, ¶ 31, 147 N.M. 678, 228 P.3d 462. Such "presumption may be overcome by a sufficiently weighty combination of several factors: (1) whether the decision to be applied prospectively establishes a new principle of law, (2) whether retroactive operation will advance or inhibit the operation of the new rule, and (3) whether retroactive application may produce substantial inequitable results." *Ullman v. Safeway Ins. Co.*, 2023-NMSC-030, ¶ 44, 539 P.3d 668 (internal quotation marks and citation omitted). This Court has held that where a civil case does not create a new rule of law, but rather applies and clarifies well-settled precedent, the presumption of retroactivity is not overcome. *See Figueroa v. THI of N.M. at Casa Arena Blanca, LLC*, 2013-NMCA-077, ¶ 41, 306 P.3d 480 (holding, where no new rule was created, that the defendant failed to overcome the presumption of retroactivity, without considering the other two factors of the retroactivity test). As explained in this opinion, *Rojas* did not create a new rule of law; rather, it clarified the distinction between punitive damages under common law and punitive damages under the UPA. 2024-NMCA-003, ¶¶ 19, 20. Because *Rojas* did not announce a new rule of law, we need not attempt to otherwise analyze or overcome the general presumption of retroactive applicability and rely on *Rojas* accordingly.

against only the defendant car dealership necessarily restricted the plaintiff from pursuing statutory treble damages under the UPA, such that the contract was rendered substantively unconscionable and its arbitration agreement unenforceable. 2024-NMCA-003, ¶¶ 1, 2; *see also* § 57-12-10(B) (providing, in pertinent part, that "[a]ny person who suffers any loss of money or property . . . as a result of any employment by another person of a method, act or practice declared unlawful by the [UPA] may bring an action to recover actual damages. . . . Where the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court may award up to three times actual damages . . . to the party complaining of the practice").

{7}      In *Rojas*, we highlighted the Legislature's specification that treble damages under the UPA and common law punitive damages are mutually exclusive alternatives, informing our conclusion that the two types of "damages are sufficiently distinct concepts such that a broad [contract] term disclaiming punitive damages would not inherently implicate UPA treble damages." 2024-NMCA-003, ¶ 16; *see also* § 57-12-10(D) (clarifying that the relief provided in Section 57-12-10(B) "is in addition to remedies otherwise available against the same conduct under the common law or other statutes"). We further concluded in *Rojas* that statutory "treble damages are distinct from punitive damages because they are levied by the district court after a finding of willfulness by the finder of fact, unlike punitive damages which are determined and calculated by the finder of fact itself." 2024-NMCA-003, ¶ 17. Indeed, *Rojas* clarifies that "[t]he act of trebling [statutory] damages is a rote multiplication of the prevailing party's actual damages performed by a judge or arbitrator after a finding of willful engagement with a deceptive trade practice," as in Section 57-12-10(B), whereas "common law punitive damages . . . are determined by a finder of fact based on a broader standard of malicious, willful, reckless, wanton, fraudulent, or bad faith conduct." 2024-NMCA-003, ¶ 17; *see also* UJI 13-1827 NMRA (defining punitive damages). As noted in *Rojas*, such distinction indicates that disclaimed punitive damages in a contract do not function to bar statutory treble damages. 2024-NMCA-003, ¶ 17.

{8}      We ultimately held in *Rojas* that "punitive damages and [statutory] treble damages are sufficiently distinct such that a bar on the former does not disallow the latter," and concluded that neither the arbitration agreement nor the contract was unconscionable, the contract was enforceable, and the district court properly granted the defendant's motion to compel arbitration. *Id.* Following our thorough review of the briefing and record before us, we do not discern any argument or factual distinction that could render *Rojas* inapplicable to the instant case. We therefore hold that, under *Rojas* and the facts of this case, the Contract's liability provision barring punitive damages does not waive Plaintiff's right to pursue statutory damages under the UPA, nor does such provision render the arbitration agreement unenforceable based on any substantive unconscionability in the contract.

{9}      Turning next to Plaintiff's remaining arguments, Plaintiff asserts that the following provisions of the Contract are impermissibly one-sided such that they render the Contract's arbitration provision unenforceable: (1) the provision allowing damages

arising from a misappropriated intellectual property claim to exceed the contract price when no other claim is permitted to exceed that amount; (2) the contract's "Cancellation Fees" provision allowing Defendant to recover "liquidated damages" in the event of Plaintiff's cancellation of the contract, and not the other way around. We note, however, that Plaintiff fails to present any actual argument or analysis as to the alleged substantive unconscionability of the above provisions and instead merely asserts that the district court failed to analyze or consider the above provisions in relation to either the arbitration provision or the Contract as a whole.

**{10}** While we do not have the benefit in this case of reviewing findings by the district court to confirm or elucidate its reasoning—as it did not include any in its order compelling arbitration, nor did it discuss its reasoning supporting such order during the hearing on Defendant's motion—we will not presume that the district court failed to consider either any portion of the Contract or Plaintiff's arguments that came before the district court for review. *See generally Robertson v. McGregor*, 2004-NMCA-056, ¶ 25, 135 N.M. 641, 92 P.3d 653 ("[W]e will not presume error."); *see also Rojas*, 2024-NMCA-003, ¶ 6 (stating that the party asserting unconscionability has the burden of proof); *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Further, we are aware of no authority, and Plaintiff has cited none, to suggest that the district court was required to enter a comprehensive written explanation for its decision granting Defendant's motion to compel arbitration. To the contrary, given that the district court's order arose from Defendant's motion, our rules suggest that no such requirement should apply. *See generally* Rule 1-052(A) NMRA (providing that findings and conclusions are unnecessary with respect to decisions on motions).

**{11}** Under the circumstances, there is no indication that the district court failed to consider any portion of the Contract and its provisions. Indeed, this Court has acknowledged that when addressing a challenge to the unconscionability of a contract's damages provision and an assertion that such provision renders a contract's arbitration agreement unenforceable, we must consider the separate provisions and terms in light of the entire contract as a whole. *Rojas*, 2024-NMCA-003, ¶ 10; *see also Campbell v. Millennium Ventures, LLC*, 2002-NMCA-101, ¶ 15, 132 N.M. 733, 55 P.3d 429 ("We consider the documents [of a contract] as a whole to determine how they should be interpreted."). We are presented with no reason to believe that the district court failed to consider the separate provisions of the Contract—including the arbitration and damages provisions—in light of the entire Contract as a whole. Again, we will not presume error by the district court based on a lack of findings unless otherwise required by statute or rule and are not persuaded otherwise by Plaintiff's broad and unsupported assertions to the contrary. *See Robertson*, 2004-NMCA-056, ¶ 25; Rule 1-052(A).

**{12}** Moreover, while we decline to make an argument on Plaintiff's behalf by conducting an unconscionability analysis of the above provisions, *see Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53, we note that there is nothing on the face of the asserted provisions that rises to the level of one-sidedness that has been held to be sufficiently unfair and unreasonable so as to be considered

unconscionable. *See Rojas*, 2024-NMCA-003, ¶ 6; *see also Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶¶ 19, 26, 470 P.3d 218 (concluding an arbitration agreement is presumed to be unfairly and unreasonably one-sided "when a drafting party excludes its likeliest claims from arbitration, while mandating the other party arbitrate its likeliest claims," which is not the circumstance in the instant case); *Ruppelt*, 2013-NMCA-014, ¶¶ 1, 3, 16, 18, 21 (concluding that an arbitration provision in a residential nursing home's contract was substantively unconscionable and unenforceable where the provision excepted from mandatory arbitration "disputes pertaining to collections or discharge of residents," which were determined to be the "most likely and beneficial claims" to be made by the contract drafters, while "excluding access to the judicial system for claims regarding negligent care, the most likely claims to be pursued by a resident" plaintiff (internal quotation marks omitted)). Here, Plaintiff has not met his burden in demonstrating either error by the district court or substantive unconscionability as to the Contract. We therefore discern no error by the district court in granting Defendant's motion to compel arbitration.

## CONCLUSION

**{13}**　For the above reasons, we affirm.

**{14}　IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**