This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38769**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUAN JURADO a/k/a**
**JUAN JURADO-SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren Joseph Wolongevicz, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Office of Thomas Spaniolo
Thomas Spaniolo
West Sacramento, CA

D. Eric Hannum
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Juan Jurado pleaded guilty to one count of possession of a controlled substance, pursuant to NMSA 1978, Section 30-31-23 (2005, amended 2021), in July 2007. Over a decade later, he petitioned to vacate and set aside his plea under Rule 5-

803 NMRA. The district court denied his petition, and Defendant appeals. He argues (1) an evidentiary hearing was required; (2) his procedural omission did not prejudice any party and should not have been a basis to deny his petition; and (3) the district court's reliance on irrelevant case law and immaterial facts constituted error. We affirm.

## BACKGROUND

**{2}** When Defendant pleaded guilty to possession of a controlled substance in 2007, he also admitted to previously being convicted of trafficking a controlled substance, pursuant to NMSA 1978, Section 30-31-20 (1990, amended 2006). At the time of his plea, Defendant, a citizen of Mexico, was a legal permanent resident of the United States. Defendant was subsequently ordered removed by a federal judge, pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), which subjects noncitizens to deportation after violating certain state laws relating to controlled substances. Defendant had also previously pleaded guilty to three misdemeanors in Colorado in 2001.

**{3}** In 2018, Defendant petitioned to vacate and set aside his 2007 plea for possession of cocaine under Rule 5-803 based on ineffective assistance of counsel, claiming that his trial counsel failed to sufficiently inform him that his conviction would result in deportation proceedings. After a hearing on the timeliness of the petition under Rule 5-803(C), the district court denied the petition.

## DISCUSSION

**{4}** "The decision of whether a defendant should be permitted to withdraw a plea is discretionary with the [district] court; thus, on appeal we review the [district] court's ruling to determine whether, under the facts offered in support of the motion, the [district] court abused its discretion." *State v. Otero*, 2020-NMCA-030, ¶ 3, 464 P.3d 1084 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{5}** Defendant first argues it was an abuse of discretion for the district court to fail to hold an evidentiary hearing to determine whether there was proper cause for the delay in filing his petition. *See* Rule 5-803(C) (requiring a petition for post-conviction relief "be filed within a reasonable time after the completion of the Defendant's sentence, unless the [district] court finds good cause, excusable neglect, or extraordinary circumstances beyond the control of the petitioner that justify filing the petition beyond that time"); Rule 5-803(F)(3) (stating the district court may conduct a preliminary disposition hearing and then shall "determine whether an evidentiary hearing is required[,]" and if such a hearing is not required "the [district] court may dispose of the petition without a further hearing"). However, Defendant fails to explain to this Court the evidence he intended to present to the district court regarding any good cause, excusable neglect, or extraordinary

circumstances beyond his control to justify the timing of his petition. Instead, Defendant focuses on his claim that the district court abused its discretion by failing to consider his knowledge regarding the effect his plea would have had on his immigration status.

**{6}** Defendant's failure to explain to the district court and to this Court the evidence he would have presented at an evidentiary hearing regarding the timeliness issue makes it difficult to consider his argument. In his brief to the district court regarding the timing issue, Defendant requested an evidentiary hearing where he could present his claims instead of an evidentiary hearing regarding the timeliness of the petition. At the hearing regarding the timeliness issue, Defendant did not ask for an evidentiary hearing or describe what evidence he would rely on relating to timeliness beyond representations made by counsel. Further, Defendant's argument on appeal that the district court could only address Defendant's subjective knowledge through an evidentiary hearing does not include any description of the evidence he would have presented. Similarly, Defendant's claim that the district court could not have determined whether there was good cause, excusable neglect, or extraordinary circumstances beyond his control that justified the late filing without his testimony does not describe what testimony he would have presented. We are left to review only representations by counsel, which are unsupported. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{7}** By failing to describe the evidence on which he would have relied, Defendant has not provided sufficient grounds to conclude that the presentation of evidence at an evidentiary hearing would have assisted the district court in resolving the timeliness issue. Because Defendant provided the district court with no reason to hold an evidentiary hearing, it was not clearly against the logic and effect of the facts and circumstances of this case for the district court to decline to hold an evidentiary hearing after holding a hearing regarding the timeliness issue, and considering the petition, response, and supplemental briefing on the timing issue. *See* Rule 5-803(F)(3); *Rojo*, 1999-NMSC-001, ¶ 41.

**{8}** Further, because Defendant makes no substantive argument and cites no authority regarding the timeliness of the petition, we are unable to address that argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that we will not review issues unsupported by cited authority); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be[,]" because to do so the appellate court "would have to develop the arguments itself, effectively performing the parties' work for them." (alteration, internal quotation marks, and citations omitted)). Defendant's lack of argument combined with our holding that the district court did not abuse its discretion by failing to hold an evidentiary hearing leads to the conclusion that the dismissal based on untimeliness alone was not erroneous. Based on this, we need not address Defendant's remaining arguments because it is unnecessary to do so to affirm the district court's decision. *See State v. Gallegos*, 2007-NMSC-007, ¶ 26, 141

N.M. 185, 152 P.3d 828 (holding that the appellate court will affirm the district court's decision if it is right for any reason, so long as it is not unfair to the appellant).

**CONCLUSION**

**{9}**     For the foregoing reasons, we affirm the district court's decision to deny Defendant's petition for relief under Rule 5-803.

**{10}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**