This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39250**

**SOPHIE TRACY,**

 Plaintiff-Appellant,

v.

**AXA EQUITABLE LIFE INSURANCE COMPANY; LOUISE CAMPBELL-TOLBER; and LOUISE CAMPBELL, CHFC, CLU,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Harrison, Hart & Davis LLC
Frank T. Davis, Jr.
Albuquerque, NM

for Appellant

Law Office of Jeffrey E. Jones
Jeffrey E. Jones
Santa Fe, NM

Peifer, Hanson, Mullins & Baker, P.A.
Robert E. Hanson
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Plaintiff appeals the dismissal of her complaint on statute of limitations grounds. On October 25, 2021, this Court filed a notice of proposed disposition, proposing to affirm. [CN 1, 6] Defendants filed a memorandum in support and Plaintiff filed a memorandum in opposition to our proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Plaintiff maintains that dismissal of her complaint was in error because the intermittent injury rule should apply to her claims, triggering a new statute of limitations every time Defendant AXA Equitable Life Insurance Company sent her a communication that was misleading or omitted material information regarding the interest rates of Plaintiff's loans. [MIO 4] As in the docketing statement, however, Plaintiff's memorandum in opposition has failed to identify what communications she is referring to or the timeliness of those communications. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{3}** To the extent that Plaintiff points to the documents referenced in Defendants' motion for summary judgment [1 RP 229, 232-33], this generalized reference to the existence of these documents does nothing to assist Plaintiff in meeting her burden to establish the timeliness of these communications, nor does it establish that the communications contained misinformation or were misleading in any way. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *see also id.* ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." (internal quotation marks and citation omitted)); *Muse*, 2009-NMCA-003, ¶ 72. As such, we conclude that Plaintiff has failed to carry her burden to demonstrate error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**