This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38579

**PATRICK KIRKLEWSKI,**

Plaintiff-Appellant,

v.

**COMMUNITY FINANCIAL SERVICE CENTER, INC. d/b/a SPEEDY LOAN OF NEW MEXICO; and RICHARD BARR,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Western Agriculture, Resource and
Business Advocates, LLP
A. Blair Dunn
Albuquerque, NM

Law Offices of Marshall J. Ray
Marshall J. Ray
Albuquerque, NM

for Appellant

Lewis Brisbois Bisgaard & Smith, LLP
Gregory L. Biehler
Elizabeth G. Perkins
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff Patrick Kirklewski appeals the district court's order granting Defendant Community Financial Service Center's d/b/a Speedy Loan of New Mexico and Defendant Richard Barr's (collectively, Defendants) motion for summary judgment. We affirm.

## BACKGROUND

**{2}** This case arises from Defendants' termination of Plaintiff, who worked as an at-will employee of Speedy Loan, a CFSC business providing loans, check cashing, and other money services. Following his termination, Plaintiff filed a complaint for damages arising from wrongful termination, breach of contract, breach of the covenant of good faith and fair dealing, and tortious interference with employment/prima facie tort. In claiming that he was wrongfully terminated, Plaintiff alleged that Defendants had "engaged in purposeful and intentional acts, in an effort to conceal violation[s] of law and misuse of corporate funds," and that he was terminated "because he had knowledge of the various irregular practices of his employer and had raised questions about financial irregularities with his chain of command." Further, the complaint stated that Plaintiff's "dismissal was part of an effort to conceal financial irregularities, to hide information about policies and procedures that violated law in New Mexico, and an effort to prevent [the plaintiffs in a related federal action] from gathering relevant and necessary evidence to proceed in litigation." Defendants filed a motion for summary judgment, which the district court granted following a hearing. Plaintiff appeals.

## DISCUSSION

**{3}** Plaintiff makes two primary arguments on appeal: (1) the district court erred in granting Defendants' motion for summary judgment because there existed sufficient evidence to create a genuine dispute of material fact; and (2) the district court misconstrued the law related to Plaintiff's wrongful termination claim. We address each argument in turn.

### I.     The District Court Did Not Err in Granting Defendants' Motion for Summary Judgment

**{4}** "We review the district court's grant of summary judgment de novo." *All. Health of Santa Teresa, Inc. v. Nat'l Presto Indus.*, 2007-NMCA-157, ¶ 7, 143 N.M. 133, 173 P.3d 55. "Where reasonable minds will not differ as to an issue of material fact, the court may properly grant summary judgment." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. "All reasonable inferences from the record are construed in favor of the non-moving party." *Garcia v. Underwriters at Lloyd's, London*, 2008-NMSC-018, ¶ 12, 143 N.M. 732, 182 P.3d 113. Once a prima facie case for summary judgment has been made, "the burden then shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Carrillo v. My Way Holdings, LLC*, 2017-NMCA-024, ¶ 24, 389 P.3d 1087 (internal quotation marks and citation omitted).

**{5}** Plaintiff argues that the district court erred in granting Defendants' motion for summary judgment because there existed sufficient evidence to create a genuine dispute of material fact. Specifically, citing *Romero v. Phillip Morris Inc.*, 2010-NMSC-035, 148 N.M. 713, 242 P.3d 280, Plaintiff contends that the district court erred in "disallowing reasonable inferences" in his favor as the party opposing summary judgment, identifying a single specific reference to the district court's purported failure in this regard. In his brief in chief, Plaintiff asserts that the district court wrongly concluded that his destruction of certain paper materials at the direction of Defendants—namely, copies of Speedy Loan policy manuals—did not establish the existence of a material issue of fact by adopting Defendants' offered inference that the documents were destroyed because Defendants had begun to store its policies in an electronic format. While Defendants provided evidence to support the transition to electronic manuals, Plaintiff provided no evidence to support his own proposed inference that the documents were shredded so that the materials would consequently be unavailable for this case or the related federal litigation stemming from Defendants' business activities. *See id.* ¶ 10 (stating that a non-moving party must establish issues of material fact by adducing evidence resulting in reasonable inferences that are not a product of "supposition or a conjecture, but [are] a logical deduction from facts proved and guess work is not a substitute therefor").

**{6}** Moreover, the evidence Plaintiff provides must, but does not, create a material issue of fact as to an element he must prove. *See Carrillo*, 2017-NMCA-024, ¶ 24. As currently set forth in our jurisprudence, in order to establish a genuine dispute of material fact sufficient to overcome summary judgment on the "wrongful termination" claim, Plaintiff would have needed to establish evidence that he "was discharged because he performed an act that public policy has authorized or would encourage, or because he refused to do something required of him by his employer that public policy would condemn." *Chavez v. Manville Prods. Corp.*, 1989-NMSC-050, ¶ 16, 108 N.M. 643, 777 P.2d 371 (internal quotation marks and citation omitted). Plaintiff failed to present evidence supporting either possible basis for a wrongful termination claim. At best, Plaintiff's evidence might show that he was fired because (1) he possibly acted contrary to public policy by destroying documents, as explained above; (2) he accepted his superior's explanations about changing interest rates; (3) he had second-hand information that the company owner might file for bankruptcy if he were sued; or (4) he questioned the impact of management fees on profits. We see no reasonable inference to be drawn from this evidence that would support wrongful termination. Without modifying our existing jurisprudence—which he unpersuasively asks us to do as discussed in the following section of this opinion—we cannot conclude that the district court erred in its assessment of the evidence and proposed inferences as it relates to Defendants' motion. Indeed, though Plaintiff asserts as well that there remained a genuine dispute of material fact, and that the district court erred in concluding otherwise, he fails to identify either that disputed material fact, itself, or an element of his claims that would be necessarily affected by such a factual dispute.

**{7}** In his briefing, Plaintiff suggests the district court's oral ruling indicated outstanding issues of material fact. Plaintiff refers to a portion of the transcript in which

the district court stated "that this is important litigation and . . . looking into the discovery, there are some question marks," and concludes that "the district court clearly should have and did understand that there were genuine issues of material facts in dispute that made summary judg[]ment" improper. Plaintiff's interpretation of the statement made by the district court is argument and not evidence and we therefore do not equate the district court's statement with evidence creating a genuine issue of material fact on the elements of wrongful termination. Plaintiff, without identifying specific facts or supported inferences, simply argues the district court's comment demonstrates awareness of disputed factual issues that should have prevented summary judgment. The party opposing summary judgment, however, "has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits. A party may not simply argue that such evidentiary facts might exist, nor may it rest upon the allegations of the complaint." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (alteration, internal quotation marks, and citations omitted); *see also Clough v. Adventist Health Sys., Inc.*, 1989-NMSC-056, ¶ 7, 108 N.M. 801, 780 P.2d 627 ("[M]ere argument or bare contentions of the existence of a material issue of fact is insufficient."). Because Plaintiff fails to adequately demonstrate the existence of specific evidentiary facts that would require a trial on the merits, instead merely asserting without support that such facts existed, we are unable to conclude that the district court erred in granting the motion for summary judgment.

## II. The District Court Did Not Err in Interpreting the Law Related to Plaintiff's Wrongful Termination Claim

{8}     Plaintiff argues that the district court misconstrued the law related to his wrongful termination claim in granting summary judgment, specifically asserting that the district court "focused on a narrow reading of existing case law without consideration of the practical implications of its restrictive ruling." In making this argument, Plaintiff asks us to in essence expand our jurisprudence to consider whether "an action for wrongful termination can be sustained where an employer fires a would-be whistleblower in anticipation of that individual blowing the whistle." To this end, Plaintiff asserts that New Mexico's wrongful termination jurisprudence, as interpreted by the district court, "contains a loophole that employers could exploit to avoid a wrongful termination suit in almost all cases by simply anticipatorily firing employees who have knowledge of company wrongdoing," and that, to close that loophole, we should modify our relevant jurisprudence to protect employees from an employer who would otherwise "race to fire employees it has enlisted unwittingly to assist in its misconduct before those individuals can blow the whistle and trigger the legal protections of a wrongful termination cause of action."

{9}     Our courts have already recognized "a limited public policy exception to the terminable at-will rule," providing that an at-will employee like Plaintiff could recover after being terminated if he could "demonstrate that he was discharged because he performed an act that public policy has authorized or would encourage, or because he refused to do something required of him by his employer that public policy would condemn." *Chavez*, 1989-NMSC-050, ¶ 16 (internal quotation marks and citation

omitted). On appeal, Plaintiff fails to meet his burden to identify record evidence to meet this existing standard. Recognizing Plaintiff's wrongful termination claim as, effectively, a claim for retaliatory discharge, the district court stated that such a claim

> requires the termination to result from performance of an act that public policy authorizes or encourages, performance of an act and retaliatory discharge for that, or in the alternative, refusal to do something required that public policy would condemn. In the instant case, even viewing the facts in the light most favorable to the plaintiff, [Plaintiff] was not discharged because he performed an act contrary to the employer's direction, nor because he failed to perform an act contrary to the employer's direction, for any public policy or for a reason that public policy would encourage[. I]nstead, at best, [Plaintiff] was discharged preemptively to conceal the alleged bad acts of [his] employer, . . . which does not comport with a claim for retaliatory discharge because there are no facts in evidence to support a claim for retaliatory discharge, termed wrongful termination in this cause of action, as defined by New Mexico law.

Following our review of the record, we agree with and see no error in such reasoning by the district court under applicable precedent, and decline to expand upon or otherwise modify precedent.

**{10}** Recognizing this, Plaintiff acknowledges there are no New Mexico cases that support his contention that we should adopt a more expansive interpretation of wrongful termination claims to ensure employers are not able to engage in "preemptive termination to prevent whistleblowing." We are unpersuaded by the out-of-jurisdiction cases cited by Plaintiff, as well as by the broad and generalized assertions he makes regarding their relevance to the instant case. For example, Plaintiff cites *Foley v. Interactive Data Corp.*, 765 P.2d 373 (Cal. 1988) (in bank) for the uncontroverted proposition that the tort of wrongful termination is rooted in public policy. Additionally, Plaintiff cites *Jacobs v. Universal Development Corp.*, 62 Cal. Rptr. 2d 446 (Ct. App. 1997) to support his proposition that the tort of wrongful termination "encompasses situations in which employers preemptively fire an employee they have enlisted in wrongful activity, even unwittingly, or who has information the company does not want to come out in costly litigation." In *Jacobs*, the plaintiff alleged that his employer "contravened public policy by firing him after he refused to participate in a rebate program which violated federal lending laws." *Id.* at 695-96. The *Jacobs* court reasoned, in pertinent part, that it would violate public policy to allow an employer to condition an employee's continued employment on that employee's willingness to engage in criminal conduct. *Id.* at 699-703.

**{11}** Here, there exists no comparable evidence that the actions taken by Plaintiff while employed by Defendants were illegal or that Defendants threatened to fire Plaintiff if he did not destroy the manuals. Plaintiff asserts that because there was a pending related federal action, his directed destruction of materials was necessarily "contrary to

applicable law" and in violation of discovery rules. However, at the hearing on Defendants' motion for summary judgment, Plaintiff's counsel acknowledged the belief that the federal court had not made a determination regarding whether the destruction of materials was illegal or wrongful. Plaintiff fails to demonstrate on appeal that the destroyed materials were subject to discovery rules or otherwise support his generalized claim that he "was directed to frustrate discovery proceedings and to destroy records" illegally or wrongfully. Or, as stated earlier within this opinion, Plaintiff fails to establish that the documents he shredded were otherwise unavailable in the discovery process.

**{12}** Aside from the inapposite out-of-jurisdiction case law he cites, Plaintiff provides no other support for his assertions that the district court erroneously interpreted the law in granting Defendants' motion for summary judgment. Where arguments in briefs are unsupported by any relevant cited authority, we assume that "counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by [relevant] cited authority will not be reviewed by us on appeal." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (citation omitted). Likewise, while Plaintiff asks us to consider his termination as "preemptive" in order to "prevent whistleblowing," he fails to support such sweeping generalizations. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record."); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 (same). We, therefore, decline to either reconsider or expand our existing jurisprudence regarding wrongful termination in the manner sought by Plaintiff, and assign no error to the district court's interpretation of the law in granting summary judgment in this case.

**CONCLUSION**

**{13}** For the above reasons, we affirm.

**{14} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**