This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39896

**MARK RORABECK, JANET RORABECK, and SOUTHERN LIGHTS FIREWORKS, INC.,**

Plaintiffs-Appellants,

v.

**NEW MEXICO STATE FIRE MARSHAL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan P. Biedscheid, District Judge**

John V. Nilan, LLC
John V. Nilan
Albuquerque, NM

for Appellants

Hector H. Balderas, Attorney General
Kaythee Hlaing, Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiffs appeal the district court's dismissal of their case on the basis of res judicata. [RP 120-21] We entered a notice of proposed disposition, proposing to affirm. Plaintiffs filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded that the district court committed reversible error, we affirm.

**{2}** Our notice proposed to affirm based on our proposals that the district court did not err in determining that the prior order at issue in the present case was a final judgment for the purposes of res judicata analysis; the prior litigation constituted a full and fair opportunity to litigate; and the recognized exceptions to mootness do not apply to the district court's application of the doctrine of res judicata. [CN 4-8] In their memorandum in opposition, Plaintiffs state that they seek to reframe their issues, as well as adding one in their motion to amend, now stating their issues as follows: (1) the prior judgment was not final and binding; (2) the prior case did not provide a full and fair opportunity to litigate the facts, and the parties had no notice of the binding nature of the judgment without entry of findings of fact and conclusions of law; (3) the prior case did not provide a full and fair opportunity to litigate the facts; (4) "the prior decision . . . cannot have preclusive effect on new future wholesaler licenses"; and (5) the district court wrongly stated that Plaintiffs only opposed the fourth element of res judicata, when they also contested the third element. [MIO 2-3]

**{3}** We address Plaintiffs' current issues (1)-(3) together as opposing this Court's proposals in our notice. These issues appear to be located under a heading for issue (3) in the memorandum in opposition. [MIO 4-6] Plaintiffs continue to contend that "there was no hearing on the merits" [MIO 4] and that res judicata does not apply as the prior case was disposed of via a motion to dismiss [MIO 5-6]. These arguments contained in Plaintiffs' memorandum in opposition do not sufficiently address the specific concerns this Court identified in our notice of proposed disposition, do not persuade us that this Court's proposed summary disposition was in error, and do not otherwise impact our analysis or our disposition of this case. We specifically note Plaintiffs have not responded to our proposed reliance on *Turner v. First N.M. Bank*, 2015-NMCA-068, ¶ 7, 352 P.3d 661 (determining that a prior order dismissing a prior complaint (without prejudice) in its entirety based on a failure to state a cause of action constituted a final judgment for the purposes of res judicata). [CN 3, 5]

**{4}** To the extent Plaintiffs rely on newly cited case law, we note that it refers to issues of sovereign immunity and ripeness that do not appear to be applicable in the present case. [MIO 5-6] *See State of N.M. ex rel. San Miguel Bd. of Cnty. Comm'rs v. Williams*, 2007-NMCA-036, ¶ 26, 141 N.M. 356, 155 P.3d 761 ("[W]e decline to rely on res judicata where [a party] simply argued in the first lawsuit that sovereign immunity barred the declaratory judgment action and prevailed on that ground without an adjudication on the merits[.]"); *Bd. of Cnty. Comm'rs of Cnty. of San Miguel v. City of Las Vegas*, 1980-NMSC-137, ¶ 4, 95 N.M. 387, 622 P.2d 695 ("[A] judgment against a party because the cause of action was prematurely brought will not bar a subsequent action when the right of action becomes complete."). The other authority upon which Plaintiff relies is from other jurisdictions or is otherwise non-binding on this Court. [MIO 6] We also note that Plaintiffs' cited authority stating that appellate courts do not accept unsupported assertions of counsel on appeal is irrelevant to a res judicata analysis. [MIO 5] *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (quoting *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104)).

{5}     Therefore, we affirm on the issues already raised to this Court for the reasons stated in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{6}     Plaintiffs' motion to amend raises their current issues (4) and (5), stating that res judicata does not apply as the current case is based on a new wholesaler license issued in a different year [MIO 6-12], that they did not concede that the third element of res judicata was undisputed, and that the district court therefore erred in stating that only the fourth element was disputed [MIO 4].

{7}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause or excuse by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. We deny motions to amend the docketing statement if the issue that the appellant is seeking to raise is not viable. *State v. Munoz*, 1990-NMCA-109, ¶ 19, 111 N.M. 118, 802 P.2d 23 (stating that, if counsel had properly briefed the issue, we "would deny defendant's motion to amend because we find the issue he seeks to raise to be so without merit as not to be viable"). We briefly note that as to the issue of how many elements of res judicata were disputed, Plaintiffs do not further develop the issue or demonstrate how it constitutes reversible error, and we therefore conclude that they have not demonstrated its viability on appeal. *See id.*; *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court has no duty to review an argument that is not adequately developed).

{8}     We last turn to the issue of whether Plaintiffs' possession of a new wholesaler license issued in a different year should defeat the district court's application of res judicata. Plaintiffs point to authority, including a United States Supreme Court antitrust case, to support this proposition; however, that antitrust case dealt with new actions and different events that occurred after the events creating the basis for the prior case, and another cited case dealt with prior claims that were not yet ripe. [MIO 8-9] *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) ("The conduct presently complained of was all subsequent to the 1943 judgment. . . . While the 1943 judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case."); *Bd. of Cnty. Comm'rs of San Miguel Cnty.*, 1980-NMSC-137, ¶ 4 ("[A] judgment against a party because the cause of action was prematurely brought will not bar a subsequent action when the right of action becomes complete."). Plaintiffs

have not explained why such a fact pattern would be comparable to the issuance of an apparently identical but current license issued in a different year, like in the present case. We note Plaintiffs also cite to nonbinding authority from other jurisdictions in general support of this issue. [MIO 9] Plaintiffs also cite to memorandum decisions from this Court regarding application of res judicata in the foreclosure arena, although they fail to demonstrate any application of those cases in a non-foreclosure case or develop their relevance to the present case. [MIO 10]

**{9}** Ultimately, Plaintiffs have not demonstrated that any factual or legal issues would or have changed based on the issuance of a new license issued in a different year. Without any new or different issues that would arise, we are unpersuaded that our res judicata analysis would differ in a new case based solely on a new license. We therefore deny the motion to amend as nonviable.

**{10}** For the reasons stated above and in our notice, we affirm the district court's order dismissing Plaintiffs' action based on principles of res judicata.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**